Matthew C. Bernstein (SBN 199240)
MBernstein@perkinscoie.com
Evan Day (SBN 283896)
EDay@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 720-5721
Facsimile: (858) 720-5799
Attorneys for

Garret A. Leach, P.C. (pro hac vice pending)
garret.leach@kirkland.com
Maria A. Maras (pro hac vice pending)
maria.maras@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 863-2200

Attorneys for Plaintiff
TREEFROG DEVELOPMENTS, INC.
D/B/A LIFEPROOF

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC. D/B/A LIFEPROOF,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>KLEARKASE, LLC, and<br><br>SEAL SHIELD, LLC,<br><br>　　　　　Defendants. | CASE NO. **'13CV1575 WQH-WMC**<br><br>**PATENT**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Complaint for Patent Infringement                                                     Case No.

Plaintiff Treefrog Developments, Inc. d/b/a LifeProof ("LifeProof") brings this Complaint against Defendants KlearKase, LLC ("KlearKase") and Seal Shield, LLC ("Seal Shield"), alleging as follows:

## PARTIES

1. Plaintiff LifeProof is a Delaware corporation with a principal place of business at 15110 Avenue of Science, San Diego, California 92128.

2. LifeProof designs, manufactures, and markets protective cases for use in all environments, which provide functionality and interactivity with smartphones and tablet computers.

3. Upon information and belief, Defendant KlearKase is a Washington limited liability corporation with its principal place of business at 1000 Second Ave, Ste. 3310, Seattle, Washington 98104.

4. Upon information and belief, Defendant Seal Shield is a Florida corporation with its principal place of business at 3105 Riverside Ave, Jacksonville, Florida 32205, and is the owner of KlearKase.

5. Upon information and belief, KlearKase designs, engineers, manufactures, markets, and sells cases for electronic devices such as smartphones.

6. KlearKase conducts business and sells its electronics accessories throughout the United States via various websites, including, but not limited to, www.klearkase.com and www.amazon.com.

7. Upon information and belief, Seal Shield designs, engineers, manufactures, markets, and sells cases and accessories for electronic devices such as smartphones.

8. Seal Shield conducts business and sells its electronics accessories throughout the United States via various websites, including, but not limited to, www.sealshield.com and store.sealshield.com.

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and seeks damages and injunctive relief pursuant to 35 U.S.C. §§ 271, 281, and 283–285.

10. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the Acts of Congress relating to patents.

11. This Court has personal jurisdiction over KlearKase and Seal Shield because, upon information and belief, KlearKase and Seal Shield have had, and continue to have, regular and systematic contacts with the State of California and with this judicial district by selling or offering to sell products that infringe the patent at issue in this case, or by conducting other business within this judicial district. In addition, this Court has personal jurisdiction over KlearKase and Seal Shield because, upon information and belief, KlearKase and Seal Shield have offered for sale and/or sold infringing products and placed such infringing products in the stream of commerce with the expectation that such infringing products would be used, offered for sale, and/or sold within the State of California and this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and/or 1400 because, upon information and belief, KlearKase and Seal Shield conduct substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering for sale infringing products, and/or by conducting other business in this judicial district. Furthermore, LifeProof is headquartered and has its principal place of business in this judicial district, sells competing products in this judicial district, and has been harmed by KlearKase's and Seal Shield's conduct in this judicial district.

## COUNT I

13. Paragraphs 1–11 are incorporated into this count by reference.

14. United States Patent No. 8,342,325 (the "'325 Patent"), entitled "Housing For Receiving And Encasing An Object," was duly and legally issued on January 1, 2013. The '325 Patent was duly and legally assigned to LifeProof, and LifeProof owns and has full rights to sue and recover damages and other relief for infringement of the '325 Patent. A copy of the '325 Patent is attached hereto as Exhibit 1.

15. KlearKase and Seal Shield have infringed the '325 Patent by having sold and offered for sale infringing products, including but not limited to the KlearKase case for use with the iPhone 4/4S smartphone, within the United States.

16. KlearKase's and Seal Shield's infringement of the '325 Patent has been without permission, consent, authorization, or license of LifeProof.

17. The aforesaid infringing activities of KlearKase and Seal Shield have been done with knowledge and in willful disregard of LifeProof's patent rights. KlearKase's and Seal Shield's infringement has been objectively reckless, and upon information and belief, KlearKase and Seal Shield knew it was objectively reckless.

18. KlearKase's and Seal Shield's infringement of the '325 Patent has injured LifeProof, and LifeProof is entitled to recover damages adequate to compensate it for KlearKase's and Seal Shield's infringement.

19. KlearKase and Seal Shield have caused LifeProof substantial damages and irreparable injury by their infringement of the '325 Patent, and LifeProof will continue to suffer damage and irreparable injury unless and until the infringement by KlearKase and Seal Shield is enjoined by the Court. LifeProof has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LifeProof respectfully requests that judgment be entered in favor of LifeProof and against Defendants KlearKase and Seal Shield and further prays that the Court grant the following relief to LifeProof:

A. A judgment that KlearKase and Seal Shield have infringed the '325 Patent;

B. Entry of a preliminary and a permanent injunction pursuant to 35 U.S.C. § 283 enjoining KlearKase and Seal Shield, as well as their officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement of the '325 Patent, including but not limited to making, using, offering to sell, selling, or importing any products that infringe the '325 Patent;

C. An award of all damages adequate to compensate LifeProof for KlearKase's and Seal Shield's infringement, such damages to be determined by a jury and, if necessary, an accounting of all damages;

D. An award of enhanced damages to LifeProof pursuant to 35 U.S.C. § 284 in light of KlearKase's and Seal Shield's willful infringement;

E. An award of prejudgment and post-judgment interest to LifeProof pursuant to 35 U.S.C. § 284;

F. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by LifeProof in this action; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff LifeProof hereby demands a trial by jury on all issues and claims so triable.

Dated: July 5, 2013

Respectfully submitted,

s/ Matthew C. Bernstein
-----------------------
Matthew C. Bernstein
MBernstein@perkinscoie.com
Evan S. Day
EDay@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 720-5721
Facsimile: (858) 720-5799

Attorneys for Plaintiff
TREEFROG DEVELOPMENTS, INC.
D/B/A LIFEPROOF