# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEFROG DEVELOPMENTS, INC. D/B/A LIFEPROOF,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KLEARKASE, LLC, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 13-cv-1575 H (KSC)<br><br>**ORDER**<br><br>**1) DENYING MOTION TO TRANSFER**<br><br>**2) DENYING MOTION TO DISMISS**<br><br>[Doc. Nos. 15 & 26] |

On July 5, 2013, Plaintiff Treefrog Developments, Inc., doing business as LifeProof ("Plaintiff" or "LifeProof") brought this patent infringement action against Defendants Klearkase, LLC and Seal Shield, LLC for infringing U.S. Patent No. 8,342,325 ("the '325 Patent"). On August 7, 2013, Defendants filed a motion to transfer venue to the Middle District of Florida. (Doc. No. 15.) On August 15, 2013, Defendants filed an amended motion to dismiss Plaintiff's complaint. (Doc. No. 26.) On October 14, 2013, Plaintiff Lifeproof filed its responses in opposition to both of Defendants' motions. (Doc. Nos. 32 & 33.). On October 22, 2013, the Court vacated a hearing scheduled for October 28, 2013, and submitted the motion. (Doc. No. 35.) The Court denies both of Defendants' motions.

## Background

The parties dispute whether this action is related to two other federal suits. On

June 21, 2013, Defendant Seal Shield filed a lawsuit in the Middle District of Florida against Plaintiff LifeProof and another party, Otter Products, LLC, alleging trademark infringement and unfair competition claims ("the Florida action").[1] Plaintiff LifeProof is a wholly-owned subsidiary of a company called OtterBox Holdings, Inc.[2] On July 1, 2013, Otter Products (a party not before the Court in this action) filed suit alleging patent infringement and breach of contract against Defendants in the District of Colorado, Otter Products's home district ("the Colorado action").[3] (See Doc. No. 33 at 13.) The patents at issue in the Colorado action are different than the patent at issue in this action, though the actions concern some of the same products.[4] (See Doc. No. 24-1, Ex. A, Whitchurch Decl. ¶ 29 (Sealed); id. Ex. D at 25.) This action and the Florida action also concern different products. (See Doc. No. 32, Plaintiff's Opp'n to MTD, at 9 ("In any event, the product Defendants associate with the purported [trade]mark is solely used with KlearKase's Kindle case. That product is not at issue in this [patent] matter").)

**Discussion**

**I. Motion to Transfer**

Defendants argue that the Court should transfer LifeProof's patent infringement action to the Middle District of Florida, where LifeProof is currently a defendant in Seal Shield's action for trademark infringement and unfair competition. Defendants

---

[1] The Florida Action is Seal Shield, LLC v. Otter Products, LLC and Treefrog Developments, Inc., No. 6:13-cv-967-Orl-37DAB (M.D. Fla. June 21, 2013).

[2] Plaintiff has not advised the Court of the relationship between OtterBox Holdings, Inc. (its corporate parent) and Otter Products, LLC (the Florida action defendant). Plaintiff has only noted that neither company has an ownership interest in the '325 Patent (see Doc. No. 33-1, Sullivan Decl., ¶¶ 8-9), and "that Otter Products, LLC has no ownership interest, directly or indirectly, in LifeProof," (id. ¶ 6).

[3] The Colorado Action is Otter Products, LLC v. Seal Shield, LLC and KlearKase, LLC, No. 1:13-cv-1734-MSK (D. Colo. July 1, 2013)

[4] The patents asserted in the Colorado action—U.S. Patent Nos. 7,609,512 and 7,158,376—are fully owned by Otter Products. LifeProof has no interest in the patents or contract rights Otter Products is asserting in Colorado. (See Doc. No. 33-1, Sullivan Decl., ¶ 10.)

argue two grounds for transfer: under 28 U.S.C. § 1404(a) and under the first-to-file rule. (See Doc. No. 24, Mot. to Transfer, at 11, 15 (Sealed).)

### a. Transfer under 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The transfer statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Similarly, the Ninth Circuit recognizes that the "[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988) (quotation marks omitted). A defendant seeking to transfer a case carries the burden of making a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

In deciding whether to transfer a case under Section 1404(a), Ninth Circuit courts employ a nonexclusive multi-factor test considering: (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, (3) the respective parties' contacts with the forum, (4) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (5) the differences in the costs of litigation in the two forums, (6) the ease of access to sources of proof, (7) the location where the relevant agreements were negotiated and executed, and (8) the state that is most familiar with the governing law. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

After reviewing the record in light of the factors summarized in Jones, the Court concludes that Defendants have not made a sufficiently strong showing of inconvenience to warrant transferring this case to the Middle District of Florida. First,

Plaintiff chose to file its lawsuit in the Southern District of California, the district where Plaintiff's headquarters are located. A plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its "home forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981). Second, the Plaintiff's home forum is where the '325 Patent was invented, where evidence relating to its prosecution history is located, and where witnesses with knowledge of the products embodying the patents are located. (Doc. No. 34, Ex. N, Nolan Decl., at ¶¶ 6, 11.) Although Defendants aver that its own employees and representatives, who may be witnesses, are in Florida, their only support for this assertion is a declaration of Defendant Seal Shield's CEO Bradley Whitchurch. (See Doc. No. 24 (sealed) at 27.) The declaration merely states his reasons for initiating the separate trademark action in Florida and does not bear on any of the Jones factors. (Doc. No. 24-1, Ex. A, Whitchurch Decl. ¶ 27.) Defendants do not provide the Court with specific examples that would show the Southern District of California to be an inconvenient forum, such as the addresses of potential witnesses in Florida or the location of specific evidence there. Finally, the Court notes that LifeProof is currently the plaintiff in another suit asserting the '325 Patent in its home district against a different defendant. See Treefrog Devs., Inc. v. Seidio, Inc., No. 3:13-cv-00158-H-KSC (S.D. Cal. Jan. 19, 2013). As a result, the Court concludes that the balance of factors weigh strongly in favor of maintaining the action in the Southern District of California.

### b.  Transfer under the First-to-File Rule

The first-to-file rule "generally favors pursuing only the first filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1299 (Fed. Cir. 2012); Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982) (The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."). "The first-to-file rule was developed to

'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" <u>Alltrade, Inc. v. Uniweld Products, Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991) (quoting <u>Church of Scientology v. United States Dep't of the Army</u>, 611 F.2d 738, 750 (9th Cir. 1979)). The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." <u>Pacesetter</u>, 678 F.2d at 95.

Application of the first-to-file rule requires a district court to look to (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. See <u>Alltrade</u>, 946 F.2d at 625. The first-to-file rule does not require strict identity of the parties and issues in the two actions, but rather substantial similarity. See <u>Adoma v. Univ. of Phoenix, Inc.</u>, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); <u>Inherent.com v. Martindale-Hubbell</u>, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006).

The Court determines that the first-to-file rule does not apply to this case. Though the Florida action was filed first, neither the parties nor the issues are substantially similar. Plaintiff maintains that Otter Products, the Florida-defendant and Colorado-plaintiff, does not have an ownership interest in either Plaintiff LifeProof or LifeProof's intellectual property (including the '325 Patent). (Doc. No. 33-1, Sullivan Decl., ¶¶ 6, 8-9.) Furthermore, Otter Products is not a party to this suit. Finally, the Florida action is not a patent dispute, but rather a trademark and unfair competition dispute. The two cases involve different legal theories, involve unrelated discovery, and will seek different relief. (<u>Compare</u> Doc. No. 1, Compl., <u>with</u> Doc. No. 1, Ex. H, Florida action Compl.) This action is not duplicative of the Florida action, and as a result, judicial efficiency is equally served whether the '325 Patent infringement dispute is litigated in Florida or in the Plaintiff's chosen jurisdiction. See <u>Barapind v. Reno</u>, 225 F.3d 1100, 1109 (9th Cir. 2000) ("While no precise rule has evolved, the general principle is to avoid duplicative litigation, and to promote judicial efficiency.") (internal quotation marks omitted). Because the first-to-file rule does not apply to this case, transfer is inappropriate.

## II. Motion to Dismiss

Defendants assert three grounds for dismissing this action: failure to join an indispensable party (Doc. No. 26-2, Memo in Supp. of Amended MTD, at 7), the First-to-File rule (id. at 21), and lack of subject matter jurisdiction (id. at 23). Because the first-to-file rule analysis is identical whether the requested relief is dismissal or transfer, the Court does not revisit the issue. See Merial Ltd., 681 F.3d at 1299 (If the court first-to-file rule applies, the court "may choose to stay, transfer, or dismiss a later-filed action."); see also Alltrade, 946 F.2d at 628-29.

### a.  Failure to Join Indispensable Party

Defendants argue that "Otter" is a necessary and indispensable party under Rule 19, although they do not specify whether they mean OtterBox Holdings, Inc. or Otter Products.  (Doc. No. 26-2 at 17.)  Rule 19(a)(1) provides as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Joinder under the Rule 19 entails a practical, two-step inquiry. First, a court must determine whether an absent party should be joined as a "necessary party" under subsection (a).  Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in "equity and good conscience" the action should be dismissed because the nonparty is "indispensable." See generally Provident Tradesmen's Bank & Trust Co. v. Patterson, 390 U.S. 102, 108-25 (1968).  Only if a person is deemed necessary under Rule 19(a) must a court undertake the second step of the analysis. Because "joinder is an issue not unique to patent law," regional circuit

law applies. <u>Katz v. Lear Siegler, Inc.</u>, 909 F.2d 1459, 1461 (Fed. Cir. 1990).

The Ninth Circuit has interpreted Rule 19(a) as "provid[ing] that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." See <u>United States v. Bowen</u>, 172 F.3d 682, 688 (9th Cir.1999). A party is "necessary" under Rule 19(a)(1)(A) if, in its absence, the Court would be "preclude[d]" from "fashioning meaningful relief as between the parties." See <u>Disabled Rights Action Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 879 (9th Cir. 2004). "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 705 F.2d 1030, 1043 (9th Cir.1983). Under Rule 19(a)(1)(B), the Ninth Circuit has held joinder is improper when the absent party has not claimed it has an interest in the action. <u>Bowen</u>, 172 F.3d at 688-89. "If the court determines that a judgment rendered in the person's absence will be adequate to protect his interests, the person is not indispensable" and "[j]oinder is not required." <u>In re Allustiarte</u>, 786 F.2d 910, 919 (9th Cir. 1986) (citations omitted). The Federal Circuit, applying <u>Allustiarte</u>, has held that a party which is "is merely [the patentee's] holding company" need not be joined under Rule 19 because "[t]he holding company is not indispensable." <u>Dainippon Screen Mfg. Co. v. CFMT, Inc.</u>, 142 F.3d 1266, 1273 (Fed. Cir. 1998) (concluding that the district court "abused its discretion in finding [holding company] CFMT to be an indispensable party.").

Here, the facts of the case do not establish that either Otter entity is a necessary party under Rule 19(a). Plaintiff asserts, and Defendants do not contest, that "Otter products has no legal interest in this litigation." (Doc. No. 32, Plaintiff's Opp'n to Mot. to Dismiss, at 16; <u>see also</u> Doc. No. 33-1, Sullivan Decl., ¶¶ 8-9; Doc. No. 26-2, Memo. Supp. Mot. to Dismiss, at 16-17.) A party with no legal interest cannot be a necessary party under Rule 19. See <u>Central Council of Tlingit & Haida Indians v. Chugach Native Asso.</u>, 502 F.2d 1323, 1326 (9th Cir. 1974) (holding that a party is not

1  necessary where it "claims no interest which must be protected in these proceedings.")
2  Similarly, Plaintiff asserts, and Defendants do not contest, that OtterBox Holdings,
3  Inc. is only a holding company without any legal rights in the '325 Patent. (Doc. No.
4  33-1, Sullivan Decl., ¶¶ 3, 8.) OtterBox Holdings, Inc. is not an indispensable party
5  because it is merely LifeProof's holding company. See Dainippon, 142 F.3d at 1273.
6  Defendants have failed to meet their burden to prove otherwise, and the Court denies
7  Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(7).

   Furthermore, denial is appropriate because Defendants do not provide the Court
with any reasons why either Otter entity cannot be joined. (See Doc. No. 26-2, Memo.
Supp. Mot. to Dismiss, at 16-17.) Dismissal under Rule 19(a) is only warranted where
"a person who is required to be joined if feasible cannot be joined." Fed. R. Civ. P.
19(b); see also Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980, 986 (N.D. Cal.
2011) ("Defendants' motion [to dismiss under Rule 12(b)(7)] fails because it makes no
attempt in either motion or reply to explain how these parties cannot be joined to the
current action."). The Rule 19(b) analysis is essential in making a case for dismissal
under Rule 19. See Provident Tradesmens, 390 U.S. at 125. Defendants have not
carried their burden to show that either Otter entity cannot be joined, a fatal flaw to
their Rule 12(b)(7) motion to dismiss. Accordingly, the Court denies Defendants'
motion.

  **b.**  **Lack of Subject Matter Jurisdiction**

   Defendants argue that the Court should also dismiss the case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). According to Defendants, Plaintiff "lacks standing to bring the instant action, due to the failure to join all co-owners of the '325 Patent at issue, specifically: Otter, which is actually the real party-in-interest as a result of their [sic] acquisition of Treefrog." (Doc. No. 26-2 at 23.) Plaintiff responds that the Court has subject matter jurisdiction of patent disputes, and that Plaintiff does have standing as a sole patent owner. (Doc. No. 32 at 21-22.) After examining the record and the applicable law, the Court concludes that neither Otter

entity is a co-owner if the '325 Patent, that Plaintiff has standing, and that the Court therefore has jurisdiction.

The district courts of the United States have original jurisdiction over any civil action arising under any Act of Congress related to patents and this jurisdiction is exclusive of the courts of the states. 28 U.S.C. § 1338. The Patent Act provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" comprises "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). The Federal Circuit has explained that "a party has the right to sue for patent infringement if that party has a legally protected interest in the patent created by the Patent Act, so that it can be said to suffer legal injury from the act of infringement." WiAV Solutions LLC v. Motorola, Inc., 631 F.3d 1257, 1264 (Fed. Cir. 2010) (internal citation omitted). In contrast, a party "with less than all substantial rights in a patent, such as a field-of-use licensee, lacks standing to sue for infringement without joining the patent owner." Int'l Gamco, Inc. v. Multimedia Games, Inc., 504 F.3d 1273, 1278-79 (Fed. Cir. 2007). "Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing." Israel Bio-Engineering Project v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir. 2007).

Defendants argue that Plaintiff and OtterBox Holdings, Inc. must be co-owners because OtterBox Holdings acquired Plaintiff in May 2013. (Doc. No. 26-2 at 25.) But Plaintiff maintains its ownership interest in the '325 Patent separately from its parent OtterBox Holdings. (Doc. No. 33-1, Sullivan Decl., ¶ 8.) The record provides no basis for treating LifeProof as OtterBox's alter ego. See Royal Industries v. St. Regis Paper Co., 420 F.2d 449, 453 (9th Cir. 1969) ("The separate identities of a parent and its subsidiary, even a wholly owned subsidiary, will not be disregarded unless a recognition of their separateness, under the circumstances, would sanction a fraud or promote injustice.") Because Defendants have not carried their burden to show that OtterBox Holdings, Inc. is a co-owner of the '325 patent, and LifeProof's ownership

is uncontested, LifeProof has standing and the Court has jurisdiction. <u>WiAV Solutions</u>, 631 F.3d at 1264. As a result, Defendants' motion to dismiss under Rule 12(b)(1) fails.

**Conclusion**

The Court declines to transfer the case and denies Defendants' Motion to Transfer. (Doc. No. 15.) The Court also denies Defendants' Motion to Dismiss. (Doc. No. 26.)

IT IS SO ORDERED.

DATED: October 25, 2013

*[signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT